UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER LOUIS CLARK**                                    CIVIL ACTION

**VERSUS**                                                                        NO. 07-2732

**WARDEN GENE CROSBY, ET AL.**                         SECTION: "F"(3)

**REPORT AND RECOMMENDATION**

Plaintiff, Christopher Louis Clark, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Gene Crosby, Oatis Taylor, the Bogalusa City Jail, and Terry Slade. In this lawsuit, plaintiff claimed that he was injured at the jail on several occasions and was not provided with timely or adequate medical care. He also claimed that he had been the victim of harassment and that false disciplinary charges had been filed against him. For the following reasons, the Court finds that this action should be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). Further, Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976). In the instant case, dismissal is appropriate because plaintiff has disobeyed this Court's order regarding discovery and has further failed to keep the Court informed of his whereabouts.

On November 6, 2007, the Court granted defendants' unopposed Motion to Compel Discovery and ordered that, on or before November 23, 2007, plaintiff respond to all outstanding discovery requests and return a signed HIPAA form to defense counsel. Plaintiff was expressly warned that failure to comply with that order would result in the undersigned recommending that this matter be dismissed. Rec. Doc. 32. On March 19, 2008, defense counsel notified the Court that plaintiff never complied with that order.[1]

Further, plaintiff acknowledged in writing in his complaint that it was his "responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2] Despite that acknowledgment, plaintiff has failed keep the Court apprised of his current address. As a result, mail sent to plaintiff by the Court has been returned as undeliverable[3] and his current whereabouts are unknown.

---

[1] A copy of that notice is attached to this Report and Recommendation.

[2] Rec. Doc. 1, p. 6.

[3] In this case, plaintiff at times gave his address as both "4103 Lac Coutre" and "1403 Lac Coutre." It was unclear which of those two addresses was correct. Nevertheless, on October 29, 2007, mail sent to both of those addresses was returned as undeliverable. Rec. Docs. 30 and 31.

Because plaintiff is proceeding *pro se,* the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has disobeyed this Court's order granting the motion to compel. Further, he has failed to provide this Court with his current address despite his written acknowledgment of the fact that a failure to do so could result in dismissal of his lawsuit. Due solely to plaintiff's actions, defendants have no way to conduct discovery, and this Court has no way to contact him to advance his case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twentieth day of March, 2008.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

# NIELSEN LAW FIRM, L.L.C.

GERALD J. NIELSEN

THOMAS C. PENNEBAKER
JOHN D. CARTER
WILLIAM T. TREAS
KIM HUONG A. TRAN
JOSEPH J. AGUDA JR.
MARY ELLEN WYATT
DOROTHY L. TARVER
ALLEN D. KINCANNON
WILLIAM R. DeJEAN
CHRISTOPHER J. BELL
MICHAEL D. BREININ
BRANDON S. STOCKSTILL
JASON M. VERDIGETS

3838 NORTH CAUSEWAY BOULEVARD
SUITE 2850
METAIRIE, LOUISIANA 70002
PHONE (504) 837-2500
FAX (504) 832-9165
E-MAIL: GJNielsen@aol.com

MICHAEL C. WEBER
DOUGLAS K. FOSTER
BRENT M. BURNS
KENNETH M. WAGUESPACK JR
KRISTIE E. LUKE
JAMES C. FOS
KEITH M. DETWEILER

Of Counsel
FRANZ L. ZIBILICH
DEANI BEARD MILANO

March 19, 2008

VIA FAX ONLY
Honorable Daniel E. Knowles, III
Magistrate Judge, USDC

Re:   Christopher Louis Clark v. Warden gene Crosby, et al
      Case No. 07-2732, Section F (3)

Dear Magistrate Knowles;

On November 6, 2007, your Honor issued an order in this matter instructing the Plaintiff, Christopher Louis Clark, to respond to all outstanding discovery requests and return a signed HIPAA form to the defendants by November 23, 2007. Your order further stated that the Defendants notify the Court of the Plaintiff's response to the order, and that failure to comply would result in a recommendation that this matter be dismissed with prejudice.

This is to advise the Court that the Plaintiff has not contacted the undersigned, nor has he responded in any way to discovery. In fact, the Defendants have not heard from nor received anything from the Plaintiff since well before November 6, 2007. As such, the Defendants hereby request that your Honor recommend that this matter be dismissed with prejudice.

Respectfully submitted,

Keith M. Detweiler